IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARY MCKINNEY, as Administrator of the Estate of R.E., deceased, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 15-CV-1044-SMY-PMF |
| vs. | ) ) |
| FRANKLIN COUNTY, ILLINOIS, et al., | ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

Pending before the Court is Defendant Vipin Shah's Motion to Dismiss Count V of Plaintiff's Complaint (Doc. 34). Defendants CHC Companies, Inc., Correct Care Solutions, LLC, and Lori Little have joined the motion (Doc. 52). Plaintiff filed a response (Doc. 60). For the following reasons, the motion is **DENIED**.

Plaintiff Mary McKinney, as Administrator of the Estate of R.E., deceased, filed this civil rights and wrongful death action arising from the death of 12 year old R.E. while he was detained in the custody, control and care of Defendants at the Franklin County Juvenile Detention Center between September 17, 2014 and September 23, 2014 (*see* Doc. 1). In Count V of the Complaint, Plaintiff sets forth claims under the Illinois Wrongful Death Act, 740 ILCS 180/1, "for the benefit of Decedent's statutory beneficiaries" and claims under the Illinois Survival Act, 755 ILCS 5/27-6, "for injuries and damages to Decedent". Plaintiff seeks compensatory and punitive damages.

Defendants move for dismissal of Count V on the basis that Illinois law does not permit recovery of punitive damages in common law negligence actions under either the Survival Act or

the Wrongful Death Act.  Plaintiff concedes Defendants' argument regarding her ability to recover punitive damages, but asserts that Defendants make no argument regarding her request in Count V for compensatory damages.  As such, Plaintiff argues that if this Court should dismiss Count V, that dismissal should be without prejudice.

Pursuant to Rule 12(f), upon a motion or its own initiative, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  *See Talbot v. Robert Matthews Distrib. Co.,* 961 F.2d 654, 664-65 (7th Cir. 1992).  Allegations may be stricken as immaterial if the matter bears no possible relation to the controversy or may cause the objecting party prejudice.  *Id.*

Here, Illinois law clearly establishes that Plaintiff may not recover punitive damages for the claims pled in Count V of the Complaint and she has conceded as much.  However, the Court finds no basis for dismissing those claims to the extent compensatory damages are being sought.

Accordingly, Pursuant to F.R.C.P. 12(f), Plaintiff's request for punitive damages in Count V is **STRICKEN** and Defendants' motion to dismiss is denied.

**IT IS SO ORDERED.**

**DATED:  July 19, 2016**

s/ Staci M. Yandle
**STACI M. YANDLE
United States District Judge**