IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARY McKINNEY**, *as the administrator of the estate of R.E., deceased,* | ) ) ) |
| **Plaintiff,** | ) ) |
| vs. | ) )   Case No. 3:15-cv-01044-SMY-RJD ) |
| **FRANKLIN COUNTY ILLINOIS,** *et al.*, | ) ) ) ) |
| **Defendants.** | ) |

## ORDER

**DALY, Magistrate Judge:**

This matter is before the Court following the January 30, 2017 (Doc. 105) discovery dispute conference. Plaintiff requested a discovery dispute conference to resolve three discovery issues. Each will be addressed in turn.

First, Plaintiff seeks to conduct an inspection of the Franklin County Juvenile Detention Center pursuant to Rule 34(a)(2) of the Federal Rules of Civil Procedure. The State Defendants objected to the Plaintiff and/or her expert taking photographs or video recordings during the inspection. The objection is overruled; Plaintiff shall be allowed to conduct an inspection of the facility and the parties shall work out a mutually agreeable date and time to conduct the inspection. Before conducting the inspection, Plaintiff shall provide the identity of the expert that will be assisting in the inspection as well as the names of anyone else who will be attending. Plaintiff shall be permitted to take photographs and conduct video recordings during the inspection. Plaintiff shall provide the Defendants with a copy of all photographs and video recordings made during the inspection. If the Defendants would like for the photographs and video recordings to be subject to a protective order, the parties are directed to draft a mutually

1

agreeable protective order. The parties shall then file a motion for a protective order with the Court.

Second, Plaintiff seeks to compel Defendant Shawn Freeman to provide supplemental responses to Interrogatory No. 11. During the telephone conference Plaintiff stated that Defendant Shawn Freeman had recently provided supplemental responses. Plaintiff also noted that she recently served additional requests for production and she asked that the Court shorten the allotted response time for the new requests for production. This request is denied; the Defendant(s) shall have the standard 30 days to respond under Rule 34.

Third, Plaintiff seeks to compel Defendant Daniel Lynch to respond to specific deposition questions. Lynch is a Juvenile Detention Officer who worked at the Franklin County Juvenile Detention Center on the date of the decedent's death. During Lynch's deposition Plaintiff asked him to provide his date of birth. Lynch refused to answer the question due to privacy concerns. Lynch's objection is overruled; he shall answer the question.

Plaintiff also asked Lynch "whether or not you've had a problem with alcohol addiction?" and "whether you have ever been to rehab for alcohol or drug addiction?" Lynch refused to answer both questions. Plaintiff also notes that on September 18, 2012 Lynch took a pre-employment drug test prior to starting work at the Franklin County Juvenile Detention Center and the test showed a blood alcohol level of "0.05". Additionally, Plaintiff mentions that Lynch used a large number of sick days during his employment at the Franklin County Juvenile Detention Center.

The Court is cognizant of the fact that these questions involve personal and sensitive medical matters. However the Court agrees with the Plaintiff in that these questions were not unreasonable nor was it merely a fishing expedition. There is nothing to suggest that the

deposition was "being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." Fed. R. Civ. P. 30(d)(3)(A). Plaintiff states in her complaint that the decedent, a child 12 years of age, died while in the custody and care of the Defendants. Plaintiff asserts that the Defendants were deliberately indifferent to the decedent's health and safety. Questions inquiring about drug and alcohol abuse may therefore be probative as to Plaintiff's claims.

Thus, Plaintiff may inquire as to the Defendant Lynch's drug and alcohol use. Such questioning shall be limited to a period of time not to exceed 10 years prior to the date of decedent's death. The parties are free to seek a protective order with the Court that encompasses these issues.

**IT IS SO ORDERED.**

**DATED:   February 1, 2017.**

*s/Reona J. Daly*
**REONA J. DALY**
**UNITED STATES MAGISTRATE JUDGE**