IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARY MCKINNEY, *as Administrator of the Estate of R.E., deceased*, )
)
)
Plaintiff, )
)
v. ) Case No. 3:15-cv-1044-SMY-RJD
)
FRANKLIN COUNTY ILLINOIS, et al., )
)
Defendants. )

## ORDER

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff's Motion for Leave to File a Second Amended Complaint (Doc. 135). For the reasons set forth below, the Motion is **DENIED**.

Plaintiff Mary McKinney filed this lawsuit on September 22, 2015 as Administrator of the Estate of R.E., deceased. Following the filing of her First Amended Complaint, Plaintiff is proceeding on the following claims:

Count 1: Violation of civil rights (42 U.S.C. §1983) against Defendants Franklin County, Crocker, Abell, Freeman, Sanders, Thomas, Lynch, Mendoza, Bechelli, Upchurch, and Stewart;

Count 2: Violation of civil rights (42 U.S.C. § 1983) against Defendants CHC and/or Defendant Correct Care;

Count 3: Violation of civil rights (42 U.S.C. §1983) against Defendant Little;

Count 4: Violation of civil rights (42 U.S.C. §1983) against Defendant Vipin Shah, M.D.; and

Count 5: Wrongful death – survivorship against all Defendants.

The deadline for amendment of pleadings was set in the Court's initial scheduling and discovery order as July 15, 2016 (Doc. 63-1). Despite being granted numerous extensions of the

scheduling and discovery order, no extensions of the deadline to amend the complaint were sought or granted (*see, e.g.,* Docs. 94, 109, 111, 117, 120, 128, and 131); however, Plaintiff was granted leave to file an amended complaint on September 23, 2016.

On March 7, 2018, Plaintiff filed the motion now before the Court seeking leave to file a second amended complaint (Doc. 135). Although Plaintiff indicated it had been discussed and agreed to by counsel for all Defendants, the State of Illinois Defendants filed a memorandum in opposition arguing the proposed amendments are futile (Doc. 137). Plaintiff filed a reply to Defendants' opposition brief that has been considered by the Court[1] (Doc. 138).

Plaintiff asks for leave to file a second amended complaint to conform the pleadings to the evidence, plead absence of immunities, and to correct typographical errors. The proposed second amended complaint does not set forth any new claims or identify any additional defendants. Rather, the bulk of the proposed amendment appears to focus on the inclusion of more than twenty pages of additional factual allegations.

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading, and that leave to amend should be freely given when justice so requires; however, "courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (quoting *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 848-49 (7th Cir. 2002)).

Although it is not apparent that Plaintiff's proposed amended complaint is futile, as argued by Defendants (as it does not set forth any new claims or name any new defendants), the Court is

---

[1] For clarification, the Court received two proposed second amended complaints from Plaintiff. Per Plaintiff's reply brief, the Court has only considered, and its discussion herein is focused only on, the proposed second amended complaint submitted on March 28, 2018.

not persuaded that justice requires the Court to grant Plaintiff's motion and that prejudice would result if it were not granted. The Federal Rules of Civil Procedure "shall be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1. In addition, where there is a burden to the judicial system, the Seventh Circuit recognizes that a court may deny a motion to amend "even if the amendment would cause no hardship at all to the opposing party." *Perrian v. O'Grady*, 958 F.2d 192, 195 (7th Cir. 1992) (quotation omitted). Here, Plaintiff's motion to amend came well over a year after the deadline for amendment of pleadings and just months before the dispositive motion filing deadline and trial date. Indeed, at the time of filing, this matter had been pending for two-and-a-half years. As such, it appears that granting leave to amend at this late date may require a substantial modification of the current scheduling order and trial date as it is likely Defendants would need additional time to file dispositive motions if Plaintiff is allowed to amend. The Court has already continued the trial date in this matter no less than three times and Plaintiff has already been allowed to amend her complaint to name additional defendants. Plaintiff has not provided a sufficient justification for her late request and, while the Court is mindful that discovery was ongoing until May 25, 2018, it is not apparent that the factual bases for her new allegations were only recently discovered. Moreover, denying Plaintiff leave to amend would not necessarily affect her ability to present the additional evidence she gleaned during discovery at trial.

For these reasons, Plaintiff's Motion for Leave to File a Second Amended Complaint (Doc. 135) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: June 12, 2018**

/s/ *Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**