IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MARY MCKINNEY, AS ADMINISTRATOR FOR THE ESTATE OF R.E., DECEASED, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 15-CV-1044-SMY-RJD |
| vs. | ) ) | |
| FRANKLIN COUNTY, ILLINOIS, et al., | ) ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Mary McKinney, Administrator for the Estate of R.E., Deceased, filed this action against CHC Companies, Inc., Correct Care Solutions, LLC, Franklin County, Illinois, and various individuals, asserting violations of 42 U.S.C § 1983 and state law claims for wrongful death, *respondeat superior,* and indemnification. This matter is now before the Court for consideration of the Joint Motion for Settlement and to Dismiss CHC Companies, Inc. and Correct Care Solutions, LLC (the "Medical Defendants") (Doc. 231).

Plaintiff and the Medical Defendants move for a good faith finding regarding their agreement to settle, pursuant to the Illinois Joint Tortfeasor Contribution Act ("Contribution Act"), 740 ILCS 100/0.01 *et seq.,* and for dismissal of Plaintiff's claims against the Medical Defendants with prejudice. No other defendant has responded to the Motion. For the following reasons, the Motion is **GRANTED**.

Under the Contribution Act, a tortfeasor who settles in good faith with the injured party is discharged from contribution liability. *See* 740 ILCS 100/2(c) and 2(d); *Wreglesworth ex rel. Wreglesworth v. Arctco, Inc.,* 740 N.E.2d 444, 448 (Ill. 2000). The term "good faith" is not

defined in the Contribution Act, but a settlement is considered *prima facie* in good faith if the settling tortfeasor establishes that it is supported by consideration. *Solimini v. Thomas*, 688 N.E.2d 356, 361 (Ill. 1997). The settling parties bear the initial burden of making a preliminary showing of good faith. *Johnson*, 784 N.E.2d at 818.

"A settlement will not be found to be in good faith if it is shown that the settling parties engaged in wrongful conduct, collusion, or fraud" or "if it conflicts with the terms of the Act or is inconsistent with the policies underlying the Act." *Johnson*, 784 N.E.2d at 821. It is unnecessary for the trial court to conduct separate evidentiary hearings, decide the merits of the tort case, or rule on the relative liabilities of the parties before making a good faith determination. *See Johnson,* 784 N.E.2d at 818; *Smith v. Texaco,* 597 N.E.2d 750, 755 (Ill. App. 1992).

Here, Plaintiff and the Medical Defendants have agreed to a confidential settlement wherein in exchange for consideration to be paid by the Medical Defendants, Plaintiff signed a full and unconditional release. Both parties assert that the settlement is reasonable. The Court has reviewed the material in the record and finds that settlement was made in good faith within the meaning of the Contribution Act: it was the result of an arm's length negotiation following mediation; it appears to be legally valid and supported by consideration; and the settlement amount bears a reasonable relationship to the harm suffered by the plaintiff and the potential responsible parties' relative culpability based on the facts alleged in the Amended Complaint. Further, there is no indication of wrongful conduct, collusion or fraud or that the settlement conflicts with the Contribution Act or its purposes. Finally, the non-settling parties are aware of the terms of the settlement and have not challenged or objected to the presumption of good faith.

Accordingly, the Motion is **GRANTED**. Pursuant to the Settlement Agreement, Plaintiff's claims against Defendants CHC Companies, Inc. and Correct Care Solutions, LLC are **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

**DATED: February 4, 2019**

<u>**s/ Staci M. Yandle**</u>
**STACI M. YANDLE**
**United States District Judge**