IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARY MCKINNEY, as Administrator for )
the Estate of R.E., deceased )
)
    Plaintiff, )
)
v. )   Case No. 15-cv-1044-SMY-RJD
)
FRANKLIN COUNTY ILLINOIS, et al., )
)
    Defendants. )
)

## ORDER

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff's *Motion to Enforce the September 5, 2018 Stipulation of the Parties Regarding 803(6) "Record of Regularly Conducted Activity" Foundation for Documents Exchanged in Discovery* (Doc. 236). Defendants filed a Joint Response (Doc. 240). As set forth below, Plaintiff's Motion is **DENIED**.

Plaintiff seeks to enforce a stipulation by counsel for Defendants to the business records foundation of all documents produced in discovery. On September 4, 2018, Plaintiff's counsel sent an email to defense counsel asking, "Would you all agree to stipulate to the business records foundation for records produced in discovery so that we do not have to call records custodians at trial and/or get everything certified?" (Doc. 236-1 at 2). A proposed stipulation was attached to the email. Plaintiff's counsel indicated counsel for Defendants were free to suggest any changes they thought necessary (Id.). The proposed stipulation was as follows:

> 1. That documents, audio recordings, videos, photos and other tangible items produced by any party and exchanged in discovery in the case, including third party records obtained by any party in discovery and produced in discovery, are true and accurate copies of records of a regularly conducted activity ("business

records").

2. That copies of such documents may be used in lieu of the original of such documents.

3. That any objections to relevancy, more probative than prejudicial, cumulative or other substantive objections are preserved.

(Doc. 236-2).

On September 5, 2018, counsel Chris Kim replied to the email, "State of Illinois Defendants do not object to the proposed stipulation" (Doc. 236-1 at 2). Also, on September 5, 2018, counsel for the county Defendants replied stating he would so stipulate. Subsequently, the trial date was reset in the case and the stipulation was never finalized.

On January 7, 2019, Plaintiff's counsel emailed all defense counsel suggesting the agreed to stipulation be set forth more specifically. Plaintiff's counsel acknowledged the previous proposed stipulation was circulated, but never finalized (Doc. 236-3 at 3). Plaintiff's counsel attached a copy of the new proposed stipulation and acknowledged, "it is somewhat broader than the previous one which I believe is to every parties benefit" (Id.). Further, Plaintiff's counsel indicated counsel for Defendants could respond with any proposed edits (Id.). The revised proposed stipulation was as follows:

> Pursuant to the Federal Rules of Civil Procedure Plaintiff and Defendants hereby stipulate to the following matters:
>
> 1. Unless otherwise noted herein, all documents, videos, photos, and other tangible items exchanged in discovery in the case at bar, including third-party records obtained by any party and produced in discovery, may be used in lieu of the originals of said documents, and foundation testimony is also waived; however, any objections to the contents of such documents, including objections to hearsay, relevancy, competency, and materiality, are reserved until the time of trial.
>
> 2. All documents, audio recordings, videos, photos and other tangible items produced by any party and exchanged in discovery in this case, which were kept in any of Defendants files (or the files of the defendants who are no longer in the case) are records

of a regularly conducted activity which meet all of the requirements of FRE 803(6) and/or FRE 806(8) such that they are exceptions to the hearsay rule. Any objections to relevancy, more prejudicial than probative or other substantive objections are preserved.

      3.     The healthcare and mental health records of R.E. exchanged in discovery in this case are true and accurate copies of records of a regularly conducted activity which meet all of the requirements of FRE 803(6) such that they are exceptions to the hearsay doctrine. They also are exceptions to the hearsay rule under FRE 803(3) (statements regarding then existing mental of physical condition) and 803(4) (statements made for medical treatment). Any objections to relevancy, more probative than prejudicial or other substantive objections are preserved.

      4.     All documents exchanged in discovery which were kept by any business, organization, occupation or calling are records of a regularly conducted activity meet all of the requirements of FRE 803(6) such that they are exceptions to the hearsay rules. Any objections to relevancy, more prejudicial than probative or other substantive objections are preserved.

(Doc. 236-4)

On January 7, 2019, counsel for State Defendants responded to the email indicating he conferred with counsel for County Defendants and they both confirmed the Defendants were willing to stipulate to use of copies in lieu of originals, but they were not willing to agree to the other proposed stipulations (Doc. 236-3 at 2). Plaintiff then filed this motion to enforce.

Plaintiff argues counsel for Defendants stipulated in September 2018 to the business records foundation for all documents produced by any party, including third-party records obtained by any party in discovery. Defendants argue they stipulated that copies of documents may be used in lieu or originals and that specified documents that they created or maintained qualify as records of regularly conducted activity under Rule 803(6) or Rule 803(8). Defendants assert they have never agreed that documents that were created or maintained by others not in this case are admissible under Rule 803(6) or 803(8).

"[O]nce made, a stipulation is binding unless relief from the stipulation is necessary to avoid 'manifest injustice' or the stipulation was entered into through inadvertence or based on an

erroneous view of the facts or law." *United States v. Wingate*, 128 F.3d 1157, 1160 (7th Cir. 1997).

Here, the proposed stipulations attached to the emails were never finalized by counsel. The fact that Plaintiff's counsel felt it necessary to send the follow-up email so that the stipulation could be set forth "more specifically" indicates there was a lack of clarity regarding the stipulation. Plaintiff's counsel even acknowledged in his January 7, 2019 email that the first stipulation was never finalized and that the second proposed stipulation is "somewhat broader than the previous one." Counsel for Defendants stipulated copies of documents could be used in lieu of the original documents and that they were willing to stipulate to the foundation of records so that it was not necessary to call records custodians. Counsel for Defendants have not clearly stipulated that any and all third-party records meet all of the requirements of Rule 803(6) such that they are exceptions to the hearsay rule. Counsel for Defendants refused to stipulate to the second proposed stipulation and the Court will not enforce a stipulation that was never clearly agreed upon. Plaintiff's motion (Doc. 236) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** September 13, 2019

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**